## Daly v. Yeadon Borough et al.

*R. Paul Lessey*, for plaintiff.
*William J. MacCarter, Jr.*, for defendant.
*Reilly & Pearce*, for additional defendant.

MACDADE, J., December 3, 1940.—On September 13, 1940, after petition, an order was signed by the Honorable John M. Broomall, 3d, joining James L. Culhane and William F. Culhane, Jr., as additional defendants, in accordance with the averments of the petition wherein it was set forth that the said James L. Culhane and William F. Culhane, Jr., were executors of the estate of Katharine R. Culhane, deceased, who, at the time of her death, was the owner of premises 542 South Wycombe Avenue,

Yeadon, Delaware County, Pa., in front of which premises plaintiff is alleged to have sustained injury as the result of an alleged fall on an alleged dangerous sidewalk.

An action in trespass had been begun prior thereto as of the above term and number, in which William J. MacCarter, Jr., Esq., filed his appearance for the above-named defendant and subsequently an answer (or affidavit of defense) to the amended statement of claim of plaintiff.

The said order, together with copies of the petition and copies of affidavits of defense, were served upon the additional defendants. Within a 20-day period after service, to wit, October 25, 1940, a motion to dismiss was filed as to both additional defendants. This is in accordance with the procedure as suggested by the Supreme Court Rules. The said motion to dismiss avers that defendant, Borough of Yeadon, has not complied with Pa. R. C. P. 2252, effective September 4, 1939, in connection with joining additional defendants, in that paragraphs 5, 6, 7, 8, 9, 10, and 11 of the affidavit of defense filed by defendant are not specific as required by the said rule of court, as affidavits are required in assumpsit matters.

### Question

In accordance with Pa. R. C. P. 2252(a), is it incumbent upon defendant to answer more fully than has been done in paragraphs 5, 6, 7, 8, 9, 10, and 11 of the answer filed?

The Supreme Court adopted rules, which became effective September 4, 1939, concerning bringing in additional defendants, and Pa. R. C. P. 2252(a) of said rules is as follows:

"(a) After the defendant in an action has filed an answer in the manner and form required of a defendant in an action of assumpsit he may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him."

Our interpretation is therefore to be made of said rule 2252(a), which was adopted by the Supreme Court of the Commonwealth of Pennsylvania under the authority of the Act of June 21, 1937, P. L. 1982, which provides as hereinbefore stated.

To rightly interpret the rule we should bear in mind that this is an action of trespass, and it will be recalled that the Practice Act of May 14, 1915, P. L. 483, sec. 13, as amended by section 1 of the Act of April 4, 1929, P. L. 140, 12 PS §412, provides as follows:

"In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted."

Pa. R. C. P. 2252(a) requires an answer. However, the phrase "in the manner and form required of a defendant in an action of assumpsit" should be interpreted to mean, and justifiably so, that no matter what the nature of the case some answer must be filed, as in actions in assumpsit. Were the phrase omitted, a defendant in an action in trespass would be warranted in concluding that no answer need be filed.

Counsel for the additional defendant refers in his brief to a note under the aforementioned rule wherein it is stated that a defendant must "answer fully" the averments in plaintiff's statement of claim before an additional defendant may be brought upon the record. Since rule 2252(a) and the Act of 1937, supra, under which it was adopted, do not purport to repeal any of the provisions of the Practice Act, defendant evidently has answered fully insofar as is practicable and he is able, and

in accordance with the usual practice stemming from the Practice Act of 1915, as amended. This conclusion is further substantiated by a further reference to the note under rule 2252(a), wherein it is said:

"The use of the phrase 'action of assumpsit' is necessary because no pleading rules have yet been promulgated by the Supreme Court and the pleadings in actions under these rules will, until such pleading rules are promulgated, be governed by the Practice Act of 1915, except where these rules provide a different procedure."

In support of this conclusion upon our part sustaining the contention of defendant that an examination of the applicable Rules of Civil Procedure make no change in the existing law other than that already observed by defendant, reference is again made to the note referred to by counsel for the additional defendants under rule 2252(a), wherein it is said:

"In making the joinder of additional parties permissive, this rule follows Rule 14(a) of the Federal Rules of Civil Procedure [28 USC following section 723c], the English Practice and the general practice in other American jurisdictions having a similar procedural device." And further: "In thus returning to practice prior to the Amendment of 1937, this rule seeks to avoid the confusion which that amendment might produce and follows in general Rule 14(a) of the Federal Rules of Civil Procedure."

In this connection, and with these statements in mind, we refer specifically to the aforementioned rule 14(a) of the Rules of Civil Procedure for the District Courts of the United States, wherein it is provided:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him."

Certainly, if these rules provide for a joinder of additional defendants without the filing of any answer, and if, as has been indicated, the provisions of the Federal Rules of Civil Procedure were kept in mind when rule 2252(a) was formulated, the contention of counsel for the additional defendants would not be warranted. In attempting to define the purpose of the Rules of Civil Procedure, proper attention should be directed to other statutes and rules which were considered, in some measure at least, when the Rules of Civil Procedure were drawn up.

Furthermore, no interpretation of rule 2252(a) should be adopted which would overemphasize the importance of the answer in direct contradiction to the provisions of the Practice Act, already referred to.

That defendant must answer, but in accordance with the provisions of the Practice Act, is indicated by Philip W. Amram, Esq., a member of the committee which promulgated these procedural rules, in an address before the Pennsylvania Bar Association on June 21, 1939. He said:

"The next point we consider is this: There is a line of cases in Philadelphia which came up under a rather peculiar rule. The sci. fa. writ as drawn by Mr. Justice Simpson in the Vinnacombe case doesn't provide for any affidavit—it is just a writ; to which the additional defendant is required to file an answer under oath. That led to a peculiar position, because I, as a defendant, can buy an unsworn writ from the prothonotary's office and compel you as additional defendant, to file an affidavit of defense under oath, in a case where, it being a trespass action, I have not filed any defense pleadings to the original suit.

"In Philadelphia, they tried to connect this by a local rule that the præcipe should have an affidavit attached. But suppose the affidavit was defective; what would happen? Unless you say that the præcipe will not cause the

writ to be quashed. You cannot move to strike off the præcipe because the writ is already issued and served. This seemed an inadequate solution of the problem.

"So we provided two rules, namely, there must be a petition and the petition must be sworn to; and, secondly, you cannot ask leave to join an additional defendant unless you, yourself, have filed a complete answer to the plaintiff's statement of claim. The reason is, why bring strangers into the litigation and compel them to file sworn pleadings at the request of a man who has himself filed no sworn pleading. So, whether in a trespass case or any other type of action, you cannot issue a writ to join an additional defendant without filing a complete defense yourself."

It might at this point be well to pause and consider Pa. R. C. P. 126, which is:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Furthermore, as Mr. Amram said in the address referred to: "In the second place, the reason why I, personally, favor the judicial rules rather than the legislative rules is because of the ease and flexibility of handling."

The words of the court in the case of Zercher et al. v. St. Clair et al., 38 D. & C. 535, 539 (1940), in an opinion by Judge Laird, have particular significance. He said: "The whole purpose of these rules is to eliminate, if possible, the practice of joining defendants in actions where it later develops at the trial that there is not and never was any opportunity or chance of holding them liable to plaintiff. The practice of issuing writs of scire facias has been particularly prevalent in actions of trespass to bring in additional defendants, where heretofore has been done merely by the filing of a præcipe with the prothonotary,

when as a matter of fact the original defendant knew, or should have known, at the time that the proofs to be introduced would not support any allegation of sole liability or liability over."